United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40506
Conference Calendar

_____

ROQUE T. ARANDA,

Petitioner-Appellant,

versus

THOMAS J. PRASIFKA; DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-03-CV-42
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Roque Tercero-Aranda, Texas prisoner # 805045, filed a

federal habeas corpus petition pursuant to 28 U.S.C. §§ 2241

and 2254 in which he sought to challenge the Immigration and

Naturalization Service's alleged custody of him pursuant to a

final order of deportation and a detainer that was lodged against

him. The district court dismissed Aranda's petition without

prejudice because he had failed to comply with a preclusion order

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that required him to obtain judicial permission before filing any action. Because Aranda's petition was filed pursuant to 28 U.S.C. § 2241 and did not challenge a process arising out of a state court, he is not required to obtain a COA to proceed on appeal. See Ojo v. I.N.S., 106 F.3d 680, 681 (5th Cir. 1997).

Aranda's assertion that the district court required him to inform the court about payment on any monetary sanctions imposed in civil litigation is not supported by the record. The district court properly found that Aranda had not complied with the preclusion order issued in Aranda v. Simpson, 4:00cv3253 (S.D. Tex. Oct. 13, 2000), and Aranda has not shown that such a preclusion order, as applied to a habeas proceeding, has blocked his access to the courts. See Lewis v. Casey, 518 U.S. 343, 355-56 (1996).

AFFIRMED.